```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 Civil No. 05-54(DSD/SRN)
```

The Trustees of the Minnesota
and North Dakota Bricklayers
and Allied Craftworkers Fringe
Benefit Funds,

        Plaintiffs,

v.                                                  **ORDER**

E&R Masonry Construction, Inc.,
a foreign corporation not
qualified to do business in the
State of Minnesota; and Roberto
A. Sanchez,

        Defendants.


This matter is before the court upon defendants' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies defendants' motion.


**BACKGROUND**

Plaintiff Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Fringe Benefit Funds brought this action on January 10, 2005, alleging that defendants E&R Masonry Construction, Inc. ("E&R"), and Roberto A. Sanchez violated the collective bargaining agreement entered into by the parties. In particular, plaintiff claimed that defendants failed to submit

fringe benefit contribution report forms or pay the contributions. Defendants did not answer or otherwise appear in the lawsuit. On March 1, 2005, plaintiff moved for default judgment and for an injunction ordering defendants to, among other things, submit (1) all necessary books and records for a fringe benefit payroll audit and (2) all delinquent report forms and contribution payments, with interest and liquidated damages. The court granted plaintiff's motion on April 22, 2005.

Based on the documents plaintiff received from defendants and the subsequent audit performed, plaintiff filed an affidavit on August 17, 2005, stating that defendants owed $88,745.80 in fringe benefit contributions from September 1, 2004, through July 30, 2005. With liquidated damages, attorney fees and costs, minus a payment from defendants in March of 2005 for $8,240.42, the total money judgment sought by plaintiff amounted to $94,611.78. On August 18, 2005, the court ordered judgment against defendants in the amount of $94,611.78.

On July 13, 2006, nearly one year after the court ordered judgment against defendants, they moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Although defendants do not challenge their liability for unpaid contributions, they allege that the money judgment is approximately three times the amount they actually owe. Plaintiff opposes defendants' motion.

**DISCUSSION**

**I.   Rule 60(b) Standard**

"Relief under Rule 60(b) is an extraordinary remedy and will be justified only under extraordinary circumstances." Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (internal quotations omitted).  The court may relieve a party from a final judgment based on excusable neglect if such motion is made within one year or upon "any other reason justifying relief from the operation of the judgment" if the motion is made within a reasonable time.  Fed. R. Civ. P. 60(b). "Excusable neglect means good faith and some reasonable basis for noncompliance with the rules." United States v. Puig, 419 F.3d 700, 702 (8th Cir. 2005) (internal quotations omitted).  The court considers the danger of prejudice to the non-moving party, whether the movant has a meritorious defense to the judgment, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the movant acted in good faith.  Union Pac. R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 782-83 (8th Cir. 2001) (applying considerations in context of setting aside default judgment).

Plaintiff argues that defendants' Rule 60(b) motion is untimely because it was filed more than one year after the judgment of default in April of 2005.  The court disagrees.  The judgment in April did not specify a monetary amount because plaintiff waited

3

until August of 2005 to seek a money judgment. Because the amount owed by defendants is the primary issue underlying the case and the instant motion, the court finds that the final judgment that determines that issue should be the benchmark for the one-year time limit on Rule 60(b) motions. Therefore, defendants' motion falls within the one-year time limit and may be granted if their delayed appearance in this case was the result of excusable neglect.

To show excusable neglect, defendants assert that they did not intentionally disregard the proceedings in this case, but rather continuously communicated with plaintiff's counsel and attempted to resolve the underlying issues. The record in this case shows otherwise. Not only did defendants fail to defend the action, they also initially failed to submit books and records to plaintiff for an audit, pursuant to the court's order on April 22, 2005. Defendants responded only after the court ordered on June 20, 2006, that defendant Sanchez must appear and show cause why the court should not grant further injunctive and monetary relief to plaintiff. Moreover, defendants did not appear or otherwise participate in the case until eighteen months after plaintiff filed its complaint and almost twelve months after the court entered a final judgment. This extensive delay alone suggests that defendants intended to avoid or frustrate judicial proceedings.

Defendants state that they believed it was adequate to communicate with plaintiff's counsel and to seek assistance from a

trust investigator for the Michigan Bricklayer's Trust Investigator's Office. Defendant Sanchez also emphasizes that he had never been sued before. Such reasons for the extensive delay in responding to plaintiff's action do not constitute excusable neglect. Even assuming defendants' naivete in attending to legal matters, they failed to make the simplest of inquiries or respond to clear orders of the court. Defendants' failure to comply with the rules is not reasonable or even marginal, so relief pursuant to Rule 60(b) is not warranted. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) ("[C]ontumacious or intentional delay or disregard for deadlines and procedural rules [are] ... rarely, if ever, excused.")

Even if defendants could show that their neglect was excusable, the court finds that the prejudice to plaintiff outweighs any meritorious defense defendants have. As to their defense, defendants argue that they actually owe only one-third the amount of money judgment obtained by plaintiff. They dispute the mathematical calculations by the auditor and point to equipment rental invoices and credit card statements in an effort to establish hours worked by E&R employees. Plaintiff responds that defendants still have not submitted evidence of actual hours worked by each E&R employee. The court finds that, at best, defendants' arguments and evidence may raise a factual dispute. As a result, the meritorious defense factor weighs slightly in defendants'

favor.  However, granting defendants' present motion would prejudice plaintiff by further postponing its long-awaited monetary relief, only to resolve thin issues of fact that defendants could have raised over a year ago.  Plaintiff suffers not only from the extensive delay, but also from the deprivation of funds that it is undisputedly entitled to.  For these reasons, defendants' motion would fail even if they could show that their delay was reasonable.

Based on a consideration of all the relevant factors, and for the reasons stated above, defendants have failed to show exceptional circumstances to warrant relief under Rule 60(b).  See Watkins v. Lundell, 169 F.3d 540, 545 (8th Cir. 1999) (without showing exceptional circumstances, Rule 60 "would be nothing more than an end-run around the entire judicial process").  Therefore, the court denies defendants' motion for relief from judgment.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion for relief from judgment [Docket Nos. 25 & 29] is denied.

Dated:  September 5, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court